IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

**RABINDRA DEORAJ,**

    **Plaintiff,**

                                                Case Number:

v.

**MARRIOTT VACATIONS**
**WORLDWIDE CORPORATION,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Rabindra Deoraj, by and through his undersigned counsel hereby files this one-count complaint against Defendant, Marriott Vacations Worldwide Corporation, alleging that Defendant discriminated against him on the basis of his race, Asian, in violation of the 42 U.S.C. § 1981. In further support of Plaintiff's claims, Plaintiff makes the following allegations:

**Parties**

1. Plaintiff, Rabindra Deoraj, is a qualified Indian American male and well within a protected class due to his race (Asian).

2. Defendant, Marriott Vacations Worldwide Corporation is a vacation rental and ownership corporation headquartered in Orlando, Florida.

3. Defendant is a domestic, for-profit company that employs more than 15 employees.

4. In or about 2016 Defendant hired Plaintiff as a senior manager of IT security, governance risk, and compliance.

1

5. Plaintiff performed his duties for Defendant in Orlando, Florida.

### Jurisdiction

6. This is an original action for damages in excess of $54,772.50.

7. Defendant is vacation rental and ownership company incorporated in Florida and headquartered in Orlando, Florida.

8. Plaintiff worked for Defendant as a manager in Orange County, Florida.

9. Plaintiff is an Indian American male who lives in Orange County, Florida.

10. Defendant was Plaintiff's employer and Defendant employed Plaintiff at Defendant's location in Orange County, Florida.

11. All material events took place in Orange County, Florida.

12. Defendant employs more than 15 employees.

13. This complaint arises out of Chapter 760 of the Florida Statutes and the Florida Civil Rights Act.

14. Therefore, jurisdiction in this Court is proper.

### Factual Allegations

15. Defendant hired Plaintiff as a manager in or about 2016.

16. Upon Plaintiff's hire, Plaintiff directly reported to Defendant's Director of Information Security, Brian Jones.

17. While Plaintiff reported directly to Mr. Jones, Plaintiff was an exemplary employee in good standing with Defendant.

18. In May 2017, Mr. Jones ended his employment with Defendant and approximately one year later Defendant hired Mr. Gram Ludlow (White) to replace Mr. Jones in February 2018.

19. Almost immediately upon Mr. Ludlow's hire he began discriminating against Plaintiff on the basis of his race.

20. On a daily basis, Mr. Ludlow showed preferential treatment towards White employees employed in a similar capacity as Plaintiff.

21. Plaintiff worked on a team with three other individuals. All of Plaintiff's coworkers on the team are White and the team was managed by Mr. Ludlow who is also White.

22. Mr. Ludlow showed preferential treatment to all other team members because they are White.

23. Mr. Ludlow discriminated against Plaintiff based on his race by excluding Plaintiff from important meetings.

24. Mr. Ludlow did not exclude White team members from meetings.

25. Mr. Ludlow discriminated against Plaintiff on the basis of his race by withholding and refusing to provide Plaintiff with critical information that was necessary for Plaintiff to complete his job duties.

26. Mr. Ludlow did not withhold critical information from White team members.

27. Mr. Ludlow discriminated against Plaintiff based on his race by assigning Plaintiff to work in locations that were long distances from Plaintiff's main office.

28. Mr. Ludlow did not assign White team members to travel long distances.

29. Mr. Ludlow also discriminated against Plaintiff by "eliminating his position" on June 28, 2019.

30. However, within a few weeks of Plaintiff's position being eliminated, Defendant posted job advertisements online seeking to fill Plaintiff's former role.

31. Despite Defendant's allegations, there was no position elimination or restructuring, instead Defendant simply terminated Plaintiff's employment based on Plaintiff's race.

32. Defendant did not eliminate any positions held by White members of Plaintiff's team.

33. Plaintiff has complied with all administrative pre-requisites prior to bringing this action.

34. Thus, this matter is timely and ripe for action.

## COUNT I
## RACE DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. 1981

35. Plaintiff hereby incorporates and re-alleges paragraphs 1-34, above.

36. Plaintiff is a qualified Indian American male who is within a protected class due to his race ("Asian").

37. Plaintiff was employed by Defendant on or about 2016.

38. Defendant hired Mr. Mr. Ludlow in or about February 2018.

39. Mr. Powers routinely and repeated discriminated against Plaintiff on the basis of his race.

40. Mr. Ludlow discriminated against Plaintiff on the basis of his race by excluding Plaintiff from team meetings, withholding critical information from Plaintiff, requiring Plaintiff to travel long distances, and ultimately "eliminating" Plaintiff's position and immediately reposting Plaintiff's position for hire.

41. White employees on Plaintiff's team were not subjected to exclusion from meetings, withholding of critical information, long travel mandates, and position elimination.

42. The discriminatory activities conducted by Defendant were severe and adversely affected the terms and conditions of Plaintiff's employment.

43. Said discrimination and racial hostilities as perpetrated by Defendant were not based upon mere inferences, but rather such discrimination was direct and intentional, as evidenced by the openly brazen actions of Defendant, such as couching Plaintiff's racially motivated termination as a "position elimination," and immediately reposting Plaintiff's job position.

44. The discriminatory behavior espoused by Mr. Ludlow and ratified by Defendant are the exact type of behaviors that congress sought to extinguish when it enacted 42 U.S.C. 1981.

45. Plaintiff was and is protected by the 42 U.S.C. 1981 during his employment with Defendant, as Plaintiff is an Indian American male.

46. Plaintiff was damaged emotionally and financially by Defendant's race-based discrimination.

47. Plaintiff previously filed complaint with the EEOC in regard to Plaintiff's claims under Florida and Federal law on the basis of impermissible race discrimination.

48. Plaintiff has complied with all prerequisites prior to filing this lawsuit and Plaintiff exhausted Plaintiff's administrative remedies.

WHEREFORE, Plaintiff seeks a judgment and all relief available under Florida law, including back pay, front pay, emotional distress, punitive, compensatory damages as

well as reasonable attorney fees and costs and pre-judgment interest. Plaintiff also demands a trial by jury. Plaintiff reserves the right to seek punitive damages should the ultimate facts so warrant.

**DATED: May 5, 2021**

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Facsimile: (813) 343-2813
Kyle@KyleLeeLaw.com
*Attorney for Plaintiff*
